## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

**HELRIANA MAH TEFEH**                        **CIVIL ACTION NO. 26-1013 SEC P**

**VERSUS**                                    **JUDGE EDWARDS**

**WARDEN RICHWOOD**                           **MAG. JUDGE PEREZ-MONTES**
**CORRECTIONAL CENTER ET AL**

### MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") (ECF No. 6), filed by, Helriana Mah Tefeh ("Petitioner").  It is **DENIED**.

Petitioner seeks release from immigration detention.  *See* ECF No. 6 at 2. Insofar as the preliminary relief sought—release from detention—mirrors the ultimate relief sought in habeas, *see* ECF No. 1, the Motion is denied on that basis. One cannot skip the line by dressing their habeas petition in TRO clothes.  *See Rodriguez v. Lyons,* No. CV 25-1926, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Peters v. Davis*, No. 17-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 27, 2018) (explaining that a TRO is not purposed "to give a plaintiff the ultimate relief he seeks"); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) (same).

However, newly in her Motion, Petitioner contends that her conditions of confinement are unconstitutional, and her health has deteriorated accordingly.  *See* ECF No. 6 at 1–2.  Well, a conditions-of-confinement claim does not sound in habeas. *See Ahmed v. Warden,* No. 1:24-CV-01110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted,* 2024 WL 5495437 (W.D. La. Dec. 11,

2024); *Sarres Mendoza v. Barr,* No. 18-3012, 2019 WL 1227494, at \*2 (S.D. Tex. Mar. 15, 2019); *Cureno Hernandez v. Mora,* 467 F. Supp. 3d 454, 460 (N.D. Tex. 2020). And she cannot otherwise show that she is "likely to succeed on the merits" of her case, as is necessary to obtain a TRO. *United States v. Abbott,* 110 F.4th 700, 706–07 (5th Cir. 2024). Her statutory arguments regarding 8 U.S.C. 1225(b)(2)(a), *see* ECF No 1 at 12–14, are explicitly foreclosed by the Fifth Circuit's holding in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026). Her procedural due process arguments regarding parole are puzzling—she was paroled for a period of one year and detained after that one-year period lapsed when her parole automatically terminated. *See* ECF No. 1-4 at 3. Her *Zadvydas* arguments, *see* ECF No. 6-1 at 6, are also puzzling because "*Zadvydas* concerned § 1231(a)(6), which authorizes the detention of aliens who have already been ordered removed from the country." *Jennings v. Rodriguez,* 583 U.S. 281, 298 (2018) (citing *Zadvydas v. Davis,* 533 U.S. 678 (2001)). And last, if we were to construe her Motion under *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974),[1] she must still show a "high probability of success" on a "substantial constitutional claim." *Id.* Again, she cannot. The Motion (ECF No. 6) is **DENIED**.

      **THUS DONE AND SIGNED** this 24th day of April, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1]*Calley* provides that "serious deterioration of the petitioner's health while incarcerated" can constitute an extraordinary circumstance that, if coupled with a high probability of success on the merits of the habeas petition, could warrant release pending resolution of the petition. *Calley,* 496 F.2d at 702, n.1